UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON RISINGER,

             Plaintiff,

  v.

LIBERTY MUTUAL INSURANCE COMPANY; and OHIO SECURITY INSURANCE COMPANY,

             Defendants.

C23-0435 TSZ

MINUTE ORDER

     The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

     (1)    Plaintiff's motion to compel, docket no. 42, is DEFERRED and RENOTED to August 2, 2024. Under Federal Rule of Evidence 501, state substantive law governs the applicability of attorney-client privilege. See MKB Constructors v. Am. Zurich Ins. Co., No. C13-611 JLR, 2014 WL 2526901, at *6 (W.D. Wash. May 27, 2014); see also Fed. R. Evid. 501. Under Washington law, in the context of first-party insurance claims of bad faith, a presumption exists that the insurer has no attorney-client privilege vis-à-vis its insured concerning claims-handling materials. Cedell v. Farmers Ins. Co. of Wash., 176 Wn.2d 686, 698–700, 295 P.3d 239 (2013). The presumption may be rebutted by the insurer's showing that its attorney was not engaged in the "quasi-fiduciary tasks of investigating and evaluating or processing the claim," but was instead "providing the insurer with counsel as to its own potential liability." Id. at 699; see MKB Constructors, 2014 WL 2526901, at *6. In Cedell, the Washington Supreme Court suggested that an *in camera* review of the claims file was necessary to determine whether an insurer has overcome the presumption against privilege, but pursuant to Erie doctrine, federal law, rather than state law, prescribes the manner in which the Court must conduct its inquiry to assess whether an attorney-client privilege exists. MKB Constructors, 2014 WL 2526901, at *6–7; see Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). Moreover, to the extent that work-product protection is asserted, federal law, not state law, controls. See MKB Constructors, 2014 WL 2526901, at *8 (explaining that the work-product doctrine

MINUTE ORDER - 1

concerns a "procedural immunity" governed by Federal Rule of Civil Procedure 26(b)(3)). The Court may undertake a Cedell and/or a work-product privilege analysis on the basis of privilege logs and/or affidavits, as opposed to *in camera* review. See id. at *7–8 & n.6. As to the April 27, 2021, claim note authored by Jennifer Bockelman and the May 19, 2021, claim note authored by Marianne Cossalter (together, the "Claim Notes"),[1] however, the Court is unable to conduct a Cedell or work-product evaluation in the absence of an *in camera* review. See Anderson v. Country Mut. Ins. Co., No. C14-48 JLR, 2014 WL 3956709, at *3 (W.D. Wash. Aug. 13, 2014). The Court therefore DIRECTS Defendants to provide the Claim Notes to the Court, within seven (7) days of the date of this Minute Order, for *in camera* review. The Claim Notes shall be delivered to the Clerk's Office in an envelope marked "FOR HONORABLE THOMAS S. ZILLY – IN CAMERA REVIEW." Defendants shall also contemporaneously file a supplemental brief identifying all persons referenced in the Claim Notes by name, job description, and employer. If, upon *in camera* review, the Court concludes that Defendants have improperly asserted the attorney-client privilege and work-product doctrine, then the Court will grant, at least in part, Plaintiff's motion to compel.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 10th day of July, 2024.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

---

[1] The parties do not agree on which person authored each of the Claim Notes. According to Plaintiff's counsel, the April 27, 2021, note was authored by Cossalter and the May 19, 2021, note was authored by Bockelman. See Shawver Decl. at ¶ 3 (docket no. 43). This information is not consistent with the descriptions on Defendants' privilege log. See Ex. C to Shawver Decl. (docket no. 43-3 at 2). Defendants have explained that Bockelman was the claims manager and that she supervised Cossalter, who was an adjuster. See Defs.' Resp. at 4 (docket no. 45).

MINUTE ORDER - 2