UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON RISINGER,

    Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY; and OHIO SECURITY INSURANCE COMPANY,

    Defendants.

C23-0435 TSZ

ORDER

THIS MATTER comes before the Court on Liberty Mutual Insurance Company's and Ohio Security Insurance Company's (collectively, the "Defendants") motion for summary judgment, docket no. 51. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Background**

On July 24, 2017, plaintiff Jason Risinger (the "Plaintiff") was injured in an automobile collision with underinsured tortfeasor Bethany J. Maclay ("Maclay"). In July, 2020, Plaintiff filed suit against Maclay in state court. Thereafter, Plaintiff made a demand for Underinsured Motorist Coverage ("UIM") benefits against Defendants for

ORDER - 1

damages arising from the July 24, 2017 collision. On November 4, 2020, Defendants received Plaintiff's demand for Underinsured Motorist Coverage "UIM" claim. *See* Eversole Decl., Exhibit 5, docket no. 52.[1] On December 5, 2022, Plaintiff commenced this first-party action for breach of contract and extracontractual claims of bad faith, violation of Washington's Insurance Fair Conduct Act, and violation of Washington's Consumer Protection Act against Defendants.[2] Defendants now move for summary judgment.

## Discussion

### A. Legal Standard

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. *Id.* at 255, 257. When the

---

[1] The demand included a long list of injuries, hundreds of pages of medical records, an expert report detailing the injuries and medical bills sustained, and an expert report calculating Plaintiff's wage loss at $1,645,668.80. *See* Eversole Decl., Exhibit 5; Shawver Decl., Exhibit A, docket no. 55.

[2] On May 3, 2021, Defendants extended an offer of $15,000 to settle the UIM claim. *See* Eversole Decl., Exhibit 4, docket no, 52. In May, 2023, the UIM claim settled for $750,000. *See* Eversole Decl., Exhibit 26, docket no. 52.

ORDER - 2

record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. *See Beard v. Banks*, 548 U.S. 521, 529 (2006).

### B. Breach of Contract

An insured party may only recover damages up to the policy limits in a breach of contract action. *See Polygon Northwest Co. v. American Nat. Fire Ins. Co.*, 143 Wn. App. 753, 776, 189 P.3d 777 (2008); *Gochev v. First Am. Prop. & Cas. Ins. Co.*, 695 F. Supp.3d 1255, 1262-3 (W.D. Wash., 2023). About March 2021, Maclay paid Plaintiff her liability limits of $250,000. In May, 2023, Defendants paid Plaintiff $750,000 as settlement for the UIM claim. Because the UIM claim limits have been paid in full, Plaintiff's breach of contract is dismissed with prejudice. *See Gochev*, 695 F. Supp.3d at 1263 (dismissing plaintiff's breach of contract claim because plaintiff's claim was paid up to the policy limit of the parties' insurance contract).

### C. Extracontractual Claims for Bad Faith, IFCA, and CPA

1. Introduction

In order to prevail on bad faith, IFCA, and CPA claims, a plaintiff must prove that conduct by a defendant was unreasonable. *See Anderson v. State Farm Mut. Ins. Co.*, 101 Wn. App. 323, 328-30 (2000). While each extracontractual claim differs in some respects, they all stem from the principle that an insurer must treat the insured in a fair and equitable manner. *See Tank v. State Farm Fire & Cas. Co.*, 105 Wn.2d 381, 386 (1986). These issues will require the fact finder to determine whether the insurer's conduct was "reasonable".

ORDER - 3

2. <u>Bad Faith</u>

To successfully argue bad faith, a plaintiff must show "duty, breach of that duty, and damages … caused by that breach and that the insurer's breach … was unreasonable, frivolous, or unfounded." *Howisey v. Transamerica Life Ins. Co.*, 765 F. App'x 219, 222 (9th Cir. 2019) (*quoting Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 485 (2003), internal quotations omitted); *see also Gochev*, 695 F. Supp.3d at 1263. "Whether an insurer acted reasonably is a question of fact." *Smith*, 150 Wn.2d at 484; *Gochev*, 695 F. Supp.3d at 1264, *citing Hell Yeah Cycles v. Ohio Sec. Ins. Co.*, 16 F. Supp. 3d 1224, 1235 (E.D. Wash., 2014). An insurer is entitled to a dismissal of a bad faith claim "only if there is no disputed material fact pertaining to the reasonableness of the insurer's conduct under the circumstances . . . ." *Smith*, 78 P.3d at 1277; *see also Howisey*, 765 F. App'x at 222; *see also Gochev*, 695 F. Supp.3d at 1264.

Based on the record before the Court, there are disputed issues of material fact relating to Defendants' investigation and handling of the claim, and the reasonableness of the offer of $15,000 to settle the claim. Accordingly, the Court cannot conclude Defendants are entitled to summary judgment on Plaintiff's bad faith claim.

3. <u>Insurance Fair Conduct Act</u>

The Washington Insurance Fair Conduct Act (IFCA) provides that a first party claimant "to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring action . . . to recover actual damages . . . ." RCW 48.30.015(1). "This cause of action also encompasses scenarios where an insurer makes an unreasonably low offer." *Kovarik v. State Farm Mut. Auto. Ins. Co.*, 2016 WL

ORDER - 4

4555465, at *2 (W.D. Wash., 2016); *see also Heide v. State Farm Mutual Automobile Insurance Company*, 261 F.Supp.3d 1104, 1107-08 (W.D.Wash., 2017).

IFCA "does not create an independent cause of action for regulatory violations." *Perez-Crisantos v. State Farm Fire & Cas. Co.*, 187 Wn.2d 669, 681 (2017); *see also Gochev*, 695 F. Supp.3d at 1267. To bring a successful IFCA claim, the insured must show that they were "unreasonably denied coverage or the payment of benefits." *Perez Cristanos,* 187 Wn.2d at 684.

Defendants argue Plaintiff's IFCA claim cannot survive because the UIM claim is resolved and rely on *Young v. Safeco Insurance Company of America* to argue that the reasonableness of their conduct is not relevant because the claim was settled. In *Young*, the insurer paid the plaintiff's full demand. In contrast, Defendant only offered Plaintiff $15,000 to settle the UIM claim with a policy limit of $1,000,000. Defendants and Plaintiff ultimately settled the UIM claim for $750,000. The Court cannot conclude Defendants are entitled to summary judgment on Plaintiff's IFCA claim as a matter of law.[3] In the context of an actionable IFCA claim, "[a] refusal to pay a demand for coverage reasonably promptly is an unreasonable denial of benefits, even if only temporary." *Cedar Grove Composting, Inc. v. Ironshore Specialty Ins. Co.*, 2015 WL

---

[3] Defendants' contention that Plaintiff's IFCA notice was deficient has no merit. IFCA requires a first party claimant to "provide written notice for the cause of action to the insurer and office of the insurance commissioner" twenty days before filing. RCW 48.30.015(8)(a). The notice form requires only that the insured identify the policy at issue and the legal basis for violations alleged. *See Dolsen Companies v. Bedivere Ins. Co.*, 2018 WL 3603059, at *3 (E.D. Wash., 2018). In this case, the IFCA notice complied with the statute.

ORDER - 5

3473465, at *6 (W.D. Wash., 2015). Viewing the facts in the light most favorable to Plaintiff, a jury could conclude Defendants acted unreasonably in handling the Plaintiff's insurance claim.

    4. <u>Consumer Protection Act</u>

Under the Consumer Protection Act (CPA), certain "unfair or deceptive acts or practices" are unlawful. RCW 19.86.020. In Washington, a successful claim requires a plaintiff to show "(i) an unfair or deceptive act or practice; (ii) occurring in trade or commerce; (iii) impacting the public interest; (iv) injury to business or property; and (v) proximately caused by the unfair or deceptive act." *See Kovarik*, 2016 WL at *3 (internal quotations admitted). An insurer's "bad faith constitutes a per se violation of the CPA." *Gochev*, 695 F.Supp.3d at 1266 (also stating that "[a]n insurer's bad faith or violation of an insurance regulation satisfies the first three elements of a CPA claim."); *see also Perez-Cristanos*, 187 Wn.2d at 685.

Insurance proceeds are recoverable under the CPA if the plaintiff seeks to hold the defendant liable for moneys owed under the insurance contract. *See Peoples v. United Servs. Auto. Ass'n*, 194 Wn.2d 771, 779 (2019) (holding that the deprivation of an insured of benefits constitutes an injury to business or property); *see also Santiago v. GEICO Advantage Ins. Co.*, 2023 WL 5802523, at *4 (W.D. Wash., 2023) (concluding that a CPA claim is actionable for the alleged denial of UIM benefits); *see also Jin v. GEICO Advantage Ins. Co.*, 700 F. Supp. 3d 988, 995 (W.D. Wash., 2023) (stating whether the insured's claim "was unreasonably denied is closely related to" the insurer's claims handling); *see also Gaekwar v. Amica Mut. Ins. Co.*, 2024 WL 69620, at *2 (W.D.

ORDER - 6

Wash., 2024). Defendants' motion for summary judgment as to Plaintiff's CPA claim is denied.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

Defendants Liberty Mutual Insurance Company and Ohio Insurance Company's motion, docket no. 51, is GRANTED as to the breach of contract claim and DENIED as to the extracontractual claims of bad faith, violation of IFCA, and violation of the CPA. The breach of contract claim (Compl. at ¶ 4.3, docket no. 1) is DISMISSED with prejudice.

Dated this 25th day of September, 2024.

Thomas S. Zilly
United States District Judge